## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA J. HIRTH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  FILED:  MAY 14,  2008 |
| v. | ) | 08CV2801   J.N. |
| | ) | Judge  JUDGE NORGLE |
| VILLAGE OF OSWEGO, | ) | MAG. JUDGE ASHMAN |
| | ) | Magistrate Judge |
| Defendant. | ) | |

### COMPLAINT

### COUNT I – Sex Discrimination

Now comes Plaintiff, PAMELA J. HIRTH (HIRTH), by her attorneys, Glenn R. Gaffney and Justin R. Gaffney, Gaffney & Gaffney, and for her Complaint against the Village of Oswego (OSWEGO), states:

1.  This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1994. 42 U.S.C. §2000e, *et seq*. Jurisdiction is provided for in a suit by an employee against an employer pursuant to 42 U.S.C. §2000e and the Civil Rights Act of 1991, 29 U.S.C. §1981(a), *et seq*.

2.  HIRTH is a resident of Bolingbrook, DuPage County, Illinois.

3.  HIRTH was an employee of OSWEGO as defined by 42 U.S.C. §2000e-5(b) and is a "person aggrieved" pursuant to 42 U.S.C. §2000e-5(f)(1).

4.  HIRTH is female.

5.  OSWEGO is an Illinois unit of local government and was the "employer" of HIRTH as defined by 42 U.S.C. §2000e(b).

6.  On or about October 3, 2005, OSWEGO terminated HIRTH's employment on the basis of HIRTH's sex, female, in violation of Title VII of the Civil Rights Act of 1964.

7.  On December 28, 2005, HIRTH filed a charge of discrimination with the Illinois Department of Human Rights which was cross filed with the Equal Employment Opportunity Commission, as EEOC charge number 21B2006-1121 and 2006CF2161. A copy of said charge is attached as Exhibit A and incorporated herein.

1

8.      On March 11, 2008, the U.S. Department of Justice issued a Notice of Right to Sue. A copy of said Notice of Right to Sue is attached as Exhibit B and incorporated herein.

9.      As a direct and proximate result of OSWEGO's unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, HIRTH has sustained damages which includes back pay, front pay, loss of future income expectancy, pain, suffering, the loss of enjoyment of life and the value of lost employment benefits.

10.     OSWEGO has acted with malice or with reckless indifference to HIRTH's Federally protected rights to be free from sex discrimination in employment and as a result thereof, HIRTH seeks all damages available pursuant to Title VII of the Civil Rights Act of 1964.

WHEREFORE, PAMELA J. HIRTH seeks judgment against the VILLAGE OF OSWEGO for all legal and equitable relief available pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. §1981(a), *et seq.*, plus attorney's fees, litigation expenses and costs of suit.

Glenn R. Gaffney
Attorney for Pamela J. Hirth


## JURY DEMAND

Plaintiff demands trial by Jury on Count I pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981a(c)(1).

Glenn R. Gaffney
Attorney for Pamela J. Hirth


## COUNT II – Title VII Retaliation

Plaintiff, PAMELA J. HIRTH (HIRTH), by her attorneys, Glenn R. Gaffney and Justin R. Gaffney, Gaffney & Gaffney, and for her Count II against the Village of Oswego (OSWEGO), states:

2

1-10.    HIRTH incorporates paragraphs 1 through 10 of Count I as paragraphs 1 through 10 of Count II as if fully set forth herein, verbatim.

11.    Section 704(a) (§2000e-3) of the Civil Rights Act of 1964 states:

"It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . .because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

12.    HIRTH opposed discrimination and engaged in Title VII protected activity while employed by OSWEGO.

13.    After HIRTH opposed unlawful discrimination in violation of Title VII, OSWEGO retaliated against HIRTH because she exercised protected rights and terminated HIRTH's employment.

14.    As a direct and proximate result of OSWEGO's unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, HIRTH has sustained damages which includes back pay, front pay, loss of future income expectancy, pain, suffering, the loss of enjoyment of life and the value of lost employment benefits.

15.    OSWEGO has acted with malice or with reckless indifference to HIRTH's Federally protected rights to be free from retaliation in employment and as a result thereof, HIRTH seeks all damages available pursuant to Title VII of the Civil Rights Act of 1964.

WHEREFORE, PAMELA J. HIRTH seeks judgment against the VILLAGE OF OSWEGO for all legal and equitable relief available pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. §1981(a), *et seq.*, plus attorney's fees, litigation expenses and costs of suit.

Glenn R. Gaffney
Attorney for Pamela J. Hirth

3

## **JURY DEMAND**

Plaintiff demands trial by Jury on Count II pursuant to the Title VII of the Civil Rights Act of 1964.

_____
Glenn R. Gaffney
Attorney for Pamela J. Hirth

Glenn R. Gaffney   (6180598)
Justin R. Gaffney   (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
(630) 462-1200

4

OLM1228.01

# CHARGE OF DISCRIMINATION

AGENCY | CHARGE
FEPA 2006CF2161
EEOC

This form is affected by the Privacy Act of 1974 see Privacy Act statement before completing this form.

Illinois Dept. of Human Rights                    and EEOC
State or Local Agency  if any

| | |
|---|---|
| NAME (Indicate Mr., Mr. Mrs.) Pamela Hirth | Home Telephone 630-226-1186 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE Bolingbrook, IL 60490 | Date of Birth 02/21/1966 |
| 701 Autumn Dr. | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION,  EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL  GOVERNMENT AGENCY WHO  DISCRIMINATED AGAINST ME  (If more  than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Village of Oswego | | 630-554-3618 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 113 Main St. | Oswego, Illinois 60543 | Kendall |

CAUSE OF DISCRIMINATION BASED ON (Choose appropriate box(es)    DATE Discrimination    took PLACE October 3 ,2005
RACE           COLOR         X SEX      RELIGION              NATIONAL ORIGIN
X RETALIATION                AGE       DISABILITY      OTHER(Specify) Harassment
CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed attach extra sheet(s)
Issues:
SEE ATTACHMENT A

Prima fascia allegations:

*DEPT. OF HUMAN RIGHTS SWITCHBOARD   DEC 2 8 2005*

## NOTARY. (when necessary for State and Local Requirements

X swear or affirm that X have read the above charge and that it is true to the best of my knowledge information and belief
SIGNATURE OF COMPLAINANT          DATE

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*    12/6/05

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

"OFFICIAL SEAL"
JAMES W HOLMAN
Notary Public State of
COMMISSION EXPIRES 10/29/08

PLAINTIFF'S EXHIBIT
A

IN THE MATTER OF          )
COMPLAINANT ·             )
                          )
PAMELA HIRTH              )          CHARGE NO.:
                          )
AND                       )          Control No.:
                          )
VILLAGE OF OSWEGO         )
RESPONDENT                )
                          )

## ATTACHMENT A

### 1.A. Issues/Basis

I was employed by the Village of Oswego as the Community Development Director. I was a female employee who was subject to sex discrimination in my termination.

### Prima Facia Allegations

1. That I am a white female.

2. That I was employed by the Village of Oswego as Community Development Director.

3. That I was performing my duties satisfactorily.

4. That the Village of Oswego Board President and one trustee voiced concerns about how my department was functioning.

5. That I was not given adequate opportunity to understand or correct those concerns.

6. That the Village of Oswego has given other male department heads the opportunity to correct concerns on problems within their departments. These male department heads have not been terminated because of these concerns.

7.    That the Village of Oswego, on or about October 3, 2005, terminated my employment as an act of sex discrimination rather than retain me and give me adequate opportunity to make corrections to the department.

**2.A. Issues/Basis**

I was employed by the Village of Oswego as the Community Development Director. I was a female employee who was subject to harassment and retaliation.

**Prima Facia Allegations**

1 through 5: Complainant restates paragraphs 1 through 5 of issue one as her paragraphs 1 through 5 of issue two.

6.    That I had a meeting with the Village Board President weeks before my termination. In the meeting the President became agitated, abusive and threatening. I left the meeting because of the President's behavior.

7.    I complained to other Village department heads, the Village clerk and its attorney about the President's harassing and inappropriate behavior.

8.    That after my complaint, in retaliation for my exercise of my protected rights, the President and the Board terminated my employment.

9.    That the termination was a direct result of my exercise of my protected rights with HR and the Village attorney based upon my sex, female.



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5053 3779

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 11, 2008

Ms. Pamela Hirth
c/o Glenn R. Gaffney, Esquire
Law Offices of Gaffney & Gaffney
Attorneys & Counselors at Law
1771 Bloomingdale Rd.
Glendale Heights, IL  60139

Re:  EEOC Charge Against Village of Oswego
     No. 21B200601121

Dear Ms. Hirth:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by    *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     Village of Oswego

PLAINTIFF'S
EXHIBIT
B