90/08-5855.DW / kjs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA J. HIRTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 08 C 2801 |
| | ) |
| VILLAGE OF OSWEGO, | ) Judge Norgle |
| | ) |
| Defendant. | ) Magistrate Judge Ashman |
| | ) |

**ANSWER TO COMPLAINT OF DEFENDANT
AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, the VILLAGE OF OSWEGO, by and through one of its attorneys, WILLIAM W. KURNIK, and, for its answer to the Complaint of the Plaintiff, PAMELA J. HIRTH, states as follows:

**COUNT I - Sex Discrimination**

1.  This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1994, 42 U.S.C. §2000e, *et seq.* Jurisdiction is provided for in a suit by an employee against an employer pursuant to 42 U.S.C. §2000e and the Civil Rights Act of 1991, 29 U.S.C. §1981(a), *et seq.*

**ANSWER:** The Defendant admits that this action is brought pursuant to 42 U.S.C. §2000e and that jurisdiction exists in this Court. The Defendant denies the remaining allegations contained in this paragraph.

2.  HIRTH is a resident of Bolingbrook, DuPage County, Illinois.

**ANSWER:** The Defendant admits the allegations contained in this paragraph.

    3.    HIRTH was an employee of OSWEGO as defined by 42 U.S.C. §2000e-5(b) and is a "person aggrieved" pursuant to 42 U.S.C. §2000e-5(f)(1).

**ANSWER:**    The Defendant denies the allegations contained in this paragraph.

    4.    HIRTH is female.

**ANSWER:**    The Defendant admits the allegations contained in this paragraph.

    5.    OSWEGO is an Illinois unit of local government and was the "employer" of HIRTH as defined by 42 U.S.C. §2000e(b).

**ANSWER:**    The Defendant admits the allegations contained in this paragraph.

    6.    On or about October 3, 2005, OSWEGO terminated HIRTH's employment on the basis of HIRTH's sex, female, in violation of Title VII of the Civil Rights Act of 1964.

**ANSWER:**    The Defendant admits that on or about October 3, 2005, the VILLAGE terminated the employment of the Plaintiff, but denies the remaining allegations contained in this paragraph.

    7.    On December 28, 2005, HIRTH filed a charge of discrimination with the Illinois Department of Human Rights which was cross filed with the Equal Employment Opportunity Commission, as EEOC charge number 21B2006-1121 and 2006CF2161. A copy of said charge is attached as Exhibit A and incorporated herein.

**ANSWER:**    The Defendant admits the allegations contained in this paragraph.

    8.    On March 11, 2008, the U.S. Department of Justice issued a Notice of Right to Sue. A copy of said Notice of Right to Sue is attached as Exhibit B and incorporated herein.

**ANSWER:**    The Defendant admits the allegations contained in this paragraph.

    9.    As a direct and proximate result of OSWEGO's unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, HIRTH has sustained damages which includes back pay, front pay, loss of future income expectancy, pain, suffering, the loss of enjoyment of life and the value of lost employment benefits.

**ANSWER:**    The Defendant denies the allegations contained in this paragraph.

10. OSWEGO has acted with malice or with reckless indifference to HIRTH's Federally protected rights to be free from sex discrimination in employment and as a result thereof, HIRTH seeks all damages available pursuant to Title VII of the Civil Rights Act of 1964.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, VILLAGE OF OSWEGO, denies that the Plaintiff, PAMELA J. HIRTH, is entitled to any judgment whatsoever as against this Defendant.

### COUNT II - Title VII Retaliation

1-10. HIRTH incorporates paragraphs 1 through 10 of Count I as paragraphs 1 through 10 of Count II as if fully set forth herein, verbatim.

**ANSWER:** The Defendant incorporates by reference, as though set forth fully herein, paragraphs 1 through 10, inclusive, of its answer to Count I of this Complaint as paragraphs 1 through 10, inclusive, of its answer to this Count II.

11. Section 704(a) (§2000e-3) of the Civil Rights Act of 1964 states:

"It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

**ANSWER:** The Defendant admits the allegations contained in this paragraph.

12. HIRTH opposed discrimination and engaged in Title VII protected activity while employed by OSWEGO.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

13. After HIRTH opposed unlawful discrimination in violation of Title VII, OSWEGO retaliated against HIRTH because she exercised protected rights and terminated HIRTH's employment.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

14. As a direct and proximate result of OSWEGO's unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, HIRTH has sustained damages which includes back pay, front pay, loss of future income expectancy, pain, suffering, the loss of enjoyment of life and the value of lost employment benefits.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

15. OSWEGO has acted with malice or with reckless indifference to HIRTH's Federally protected rights to be free from sex discrimination in employment and as a result thereof, HIRTH seeks all damages available pursuant to Title VII of the Civil Rights Act of 1964.

**ANSWER:** The Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant, VILLAGE OF OSWEGO, denies that the Plaintiff, PAMELA J. HIRTH, is entitled to any judgment whatsoever as against this Defendant.

**AFFIRMATIVE DEFENSES**

NOW COMES, the Defendant, VILLAGE OF OSWEGO, by and through one of their attorneys, WILLIAM W. KURNIK, and, for their affirmative defenses to the Complaint of the Plaintiff, PAMELA J. HIRTH, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

In the event that the Plaintiff establishes that her employment was terminated based upon her sex or in retaliation for her complaints of protected conduct, her employment would have been terminated in any event.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff failed to exercise due care and reasonable diligence in mitigating her damages.

WHEREFORE, the Defendant, VILLAGE OF OSWEGO, prays that judgment be entered in its favor and against the Plaintiff, PAMELA J. HIRTH, in accordance with the foregoing affirmative defenses.

                Respectfully submitted by,

                s/ William W. Kurnik
                WILLIAM W. KURNIK, Attorney Bar #01550632
                One of the Attorneys for the Defendant,
                VILLAGE OF OSWEGO

### CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on August 11, 2008, the foregoing ***ANSWER TO COMPLAINT OF DEFENDANT AND AFFIRMATIVE DEFENSES*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Glenn R. Gaffney**
  gaffneylaw@comcast.net

- **Justin R. Gaffney**
  gaffneylaw@comcast.net

                s/ William W. Kurnik
                WILLIAM W. KURNIK, Attorney Bar #01550632
                KNIGHT, HOPPE, KURNIK & KNIGHT, L.L.C.
                2860 River Road – Suite 400
                Des Plaines, Illinois 60018-6009
                Telephone:    (847) 298-8000
                Facsimile:    (847) 298-8014
                E-mail: BKurnik@khkklaw.com

5855 Answer 08-06-16